```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                         Case No. 2:07-cv-592-FtM-29DNF

TRACT H05-01, 5.0 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, GARY L. ESCHENBRENNER, ET
AL.,

                Defendants.
_____

**OPINION AND ORDER**

    This matter came before the Court on February 3, 2009, for a bench trial on the matter of just compensation in 11 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by FED. R. CIV. P. 71.1. No property owner or other claimant appeared at trial. The Court heard testimony from John R. Underwood, Jr., President and principal of Appraisal and Acquisition Consultants, Inc. since it was started in 1983, who testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Starting in 1971, Mr. Underwood worked as a staff appraiser for First Federal Brooksville and was the Vice-President of appraisal for Southern Federal Savings and Loan until he started his own firm in 1983. Mr. Underwood received 500 hours of training from the Society of Real Estate Appraisers and the American Institute of

Real Estate Appraisers. Mr. Underwood has his MAI and SRA designations from the Appraisal Institute with continuing hours required to maintain the designations. Mr. Underwood is on the National faculty for the Appraisal Institute and has been teaching since 1981. Mr. Underwood has conducted over 1000 appraisals while assisting the National Parks Service in the Big Cypress National Preserve and the Everglades expansion projects.

Mr. Underwood testified as to the common characteristics of the land as follows, after appraisal by helicopter and reviewing comparable sales: (1) remote; (2) with no direct access; (3) swampy; (4) similarly zoned; and (5) all in the Big Cypress expansion area. The subject land was also described as for passive recreational use and having no improvements or structures. No taking has occurred in any of these cases.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES**:

1. The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaint in Condemnation.

2. Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre**, rounded up to the nearest 100 in some cases, for a total value of **$7,500.00.** Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the

institution and prosecution of this action and taking of the subject properties.

3. Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order. The Clerk shall administratively close the file pending the entry of final judgment.

4. On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6. The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a **zero balance** so that the case may be closed.

7. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of February, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen
United States Attorney's Office

Counsel of Record
Collier County Tax Collector

Parties of record

DCCD
Intake
Finance